[Cite as *State v. Frye*, 2012-Ohio-5101.]

IN THE COURT OF APPEALS OF MONTGOMERY   COUNTY, OHIO

STATE OF OHIO                                              :

        Plaintiff-Appellee              :        C.A. CASE NO.   24796

vs.                                                       :        T.C. CASE NO.   2011-CR-1827

KEVIN D. FRYE, SR.                                :        (Criminal appeal from the
                                                                            Common Pleas Court)

        Defendant-Appellant           :

. . . . . . . . .

**O P I N I O N**

Rendered on the _____2nd_____ day of _____November_____, 2012.

. . . . . . . . .

MICHELE D. PHIPPS, Assistant Prosecuting Attorney, Atty. Reg. No. 0069829, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHRIS BECK, Atty. Reg. No. 0081844, 1626 Westbrook Drive, Beavercreek, Ohio 45434
        Attorney for Defendant-Appellant

. . . . . . . . .

FROELICH, J

{¶ 1}     Kevin D. Frye appeals from a judgment of the Montgomery County Court of Common Pleas, which found him guilty on his guilty pleas of escape, assault on a peace officer, theft, and possession of cocaine.   He was sentenced to an aggregate term of three and

one-half years of imprisonment: two years for escape and twelve months for assault on a peace officer, to be served consecutively; six months each for theft and possession of cocaine, to be served concurrently with each other but consecutively to the sentences for escape and assault   For the following reasons, the judgment of the trial court will be reversed in part, and the matter will be remanded for reconsideration of the sentence for escape.

{¶ 2}   The facts of the case are as follows:

{¶ 3}   On May 28, 2011, Dayton Police officers responded to a robbery complaint. The victim described to the police the person who had taken her purse and fled in a white sedan.  She was able to give the officers the license plate number of the sedan, which led the officers to a home where the officers saw a man matching the woman's description of the robber exiting the garage and entering the house.  The police went to the door, where they requested and received permission to search the home.  The suspect, Kevin Frye, was found hiding under insulation in the attic.  Frye was placed under arrest and patted down, and he was found to be in possession of cocaine.

{¶ 4}   In the cruiser, Frye complained that the handcuffs were too tight and that he was too hot.  The officers checked the cuffs and opened the rear windows to allow fresh air to circulate.  Frye was able to remove the handcuffs.  He then reached through the open window to the outside handle of the door, opened the door, and got out of the cruiser.  The officers tried to subdue Frye with tasers.  Initially, Frye resisted, but the officers were able to get him back into custody and to transport him to jail.

{¶ 5}   On June 28, 2011, Frye was indicted on one count each of escape [R.C. 2921.34(A)(1)], possession of cocaine, resisting arrest, and two counts of assault on a police

officer. Frye pled guilty to escape, possession, theft, and assault on a police officer; the remaining counts were dismissed. The trial court sentenced Frye to an aggregate term of three and one-half years in prison.

{¶ 6} Frye appeals from his conviction. Frye's first appellate attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he asserted that he found no potentially meritorious issues for appellate review. However, in our independent review of the case, an issue came to our attention that was not, in our view, wholly frivolous. Specifically, we noted that the trial court stated during the plea colloquy and at the sentencing hearing that it was required to order Frye's sentence for escape to be served consecutively to any other sentence he was ordered to serve; however, it appeared from the language of R.C. 2929.14(C)(2) that the mandate for consecutive sentencing applied only when a defendant escaped from a jail, prison, or other residential detention facility, and not to an escape from a police officer's custody. We appointed new counsel and ordered additional briefing on this issue and any others which counsel believed to have arguable merit. *State v. Frye*, 2d Dist. Montgomery No. 24796, Decision & Entry (Mar. 27, 2012). The matter is now ready for our consideration.

{¶ 7} Frye raises two assignments of error on appeal. The first assignment of error states:

**The trial court erred when during the plea hearing it stated that defendant's sentence for escape, ORC 2929.14 and 2921.34, was required to be served consecutively to any other sentence imposed.**

{¶ 8}     Frye contends that the trial court erroneously concluded that his sentence for escape was required to run consecutively to any other sentence that he received.

{¶ 9}     R.C.2921.34(A) defines the offense of escape.   R.C. 2929.14(C)(2) states, in relevant part:

If an offender who is an inmate in a jail, prison, or other residential detention facility violates * * * division (A)(1) or (2) of section 2921.34 of the Revised Code, * * *, or if an offender who is an inmate in a jail, prison, or other residential detention facility or is under detention at a detention facility commits another felony while the offender is an escapee in violation of division (A)(1) or (2) of section 2921.34 of the Revised Code, any prison term imposed upon the offender for one of those violations shall be served by the offender consecutively to the prison term or term of imprisonment the offender was serving when the offender committed that offense and to any other prison term previously or subsequently imposed upon the offender.

{¶ 10}     Because R.C. 2929.14(C)(2) does not require a consecutive sentence of imprisonment under the circumstances presented in this case, i.e., where Frye was not an inmate in a jail, prison, or other residential detention facility, the trial court did err in its assumption that a consecutive sentence was required.   The State agrees with this interpretation of the statute, as applied to these facts.

{¶ 11}     We disagree with Frye's assertion that due to this error, he was not "adequately instruct[ed]" about his sentence and his plea was rendered unknowing and involuntary.   At worst, the trial court inadvertently misled Frye into believing that he faced a

longer possible prison sentence than was available. As we discussed in *State v. Carnicom*, 2d Dist. Miami No. 2003-CA-4, 2003-Ohio-4711, where the trial court also overstated a potential sentence, we fail to see how a defendant is prejudiced by such a misapprehension on his part. He cannot earnestly argue that he pled guilty based on a mistaken belief that he faced an unduly long or consecutive sentence, and that he would not have entered the plea if he had known that the possible sentence was, in fact, shorter. *Id*. at ¶ 16. And Frye does not argue in his brief that he would not have pled guilty had he known that the consecutive sentence was not mandatory. We see no prejudice to Frye in the entering of his plea.

{¶ 12} However, we cannot know whether the trial court would have imposed the sentence that it did if it had not misunderstood the nature of the requirement set forth in R.C. 2929.14(C)(2). The trial court did not properly exercise its discretion in deciding whether to make the sentence for escape consecutive to or concurrent with the other sentences, because it did not realize that it possessed such discretion in this regard. Accordingly, we will remand to the trial court for it to reconsider the sentence on the conviction for escape.

{¶ 13} The first assignment of error is sustained.

{¶ 14} Frye's second assignment of error states:

**Appellant was denied effective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.**

{¶ 15} Frye contends that he was denied the effective assistance of counsel because, at the plea hearing, his attorney expressly agreed with the trial court's assessment that the sentence on the count of escape had to be served consecutively to the other sentences, and

counsel did not thereafter correct this misperception at the sentencing hearing. In light of our disposition of the first assignment of error, Frye's second assignment of error is moot.

{¶ 16} The judgment of the trial court will be reversed with respect to the sentence imposed for escape. We will remand to the trial court for reimposition of this sentence, keeping in mind that a consecutive sentence is permissible, but not required. In all other respects, the judgment of the trial court will be affirmed.

. . . . . . . . .

FAIN, J., and HENDON, J., concur.
(Hon. Sylvia Sieve Hendon, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Michele D. Phipps, Esq.
Chris Beck, Esq.
Hon. Mary Katherine Huffman